

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00026-CV

_____

IN THE INTEREST OF Q.C. AND I.M., CHILDREN

On Appeal from the 307th District Court
Gregg County, Texas
Trial Court No. 2018-551-DR

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

The Texas Department of Family and Protective Services (Department) filed a petition to terminate Kim's parental rights to her children, Quinn and Isabelle.[1]  The trial court terminated Kim's parental rights after finding that:  (1) she knowingly placed or allowed Quinn and Isabelle to remain in conditions or surroundings which endangered their physical or emotional well-being; (2) she constructively abandoned the children as described in Section 161.001(b)(1)(N) of the Texas Family Code; (3) she failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of Quinn and Isabelle, as described in Section 161.001(b)(1)(O); (4) she used a controlled substance in a manner that endangered the health or safety of the children as described in Section 161.001(b)(1)(P); and (5) termination of her parental rights was in the children's best interests.  *See* TEX. FAM. CODE ANN. §161.001(b)(1)(D), (N), (O), (P), (b)(2) (Supp.).

On appeal, Kim challenges only the factual sufficiency supporting the trial court's best-interests finding.  We overrule Kim's sole point of error because it is inadequately briefed.  We affirm the trial court's judgment.

## I.      The Evidence at Trial

Jessica Tullberg, an investigator with the Department, testified that she received reports alleging that Kim was using drugs in front of one-year-old Quinn and eight-month-old Isabelle. Tullberg travelled to Kim's home, asked her about the allegations, and witnessed Kim screaming

---

[1]To protect the confidentiality of the children involved, this Court will refer to all involved parties by fictitious names. *See* TEX. R. APP. P. 9.8(b)(C)(2).

at Quinn "simply for crying." Kim agreed to take a drug test and place the children with their aunt, Sally, until the test results were returned.

According to Tullberg, Kim later went to Sally's house to demand the children's return while she was under the influence of a drug. Kim refused Tullberg's request to take "an instant read drug test." However, the test results from the urinalysis concluded on the day of the children's removal proved positive for amphetamines, methamphetamines, benzodiazepines, cocaine, marihuana, hydrocodone, and hydromorphone. Isabelle also tested positive for methamphetamine and cocaine.[2]

Kemyisha Daniels-Scott, a Department conservatorship worker, testified that she developed a family service plan for Kim, but that Kim failed to make any effort to complete the plan. Daniels-Scott went to the address Kim provided and found the apartment empty with the door open and "window busted out." According to Daniels-Scott, Kim was arrested for criminal trespasses, possession of a controlled substance, and possession of marihuana during the pendency of the case; was regularly "in and out of jail"; and was incarcerated at the time of the final hearing. Daniels-Scott testified that Kim never provided proof that she had a job or could financially care for the children. Although Kim did not participate in visits provided through the Department, she visited the children at Sally's home.

Daniels-Scott and Brook Davis, the Court Appointed Special Advocate for the children, testified that Quinn and Isabelle were thriving in Sally's home and were bonded to her. Daniels-Scott and Davis believed that termination of Kim's parental rights was in the children's best

---

[2]Tullberg testified that Quinn's "drug test was rejected by the lab for not enough hair."

interests because they would have a chance to "grow up in a drug-free home." The Department's plan was for Sally to adopt the children.

On the advice of her attorney, Kim decided not to testify because her cross-examination could affect her pending criminal case. However, she made a statement to the trial court that she was twenty-one years old and was "still raising [her]self amidst . . . raising [her] two little girls." Kim told the trial court that she wanted to place the children with another family member and agreed that doing so would be in the children's best interests.

## II. Kim Does Not Challenge the Statutory Grounds Supporting Termination of Her Parental Rights

"The natural right existing between parents and their children is of constitutional dimensions." *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Indeed, parents have a fundamental right to make decisions concerning "the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). "Because the termination of parental rights implicates fundamental interests, a higher standard of proof—clear and convincing evidence—is required at trial." *In re A.B.*, 437 S.W.3d 498, 502 (Tex. 2014). This Court is therefore required to "engage in an exacting review of the entire record to determine if the evidence is . . . sufficient to support the termination of parental rights." *Id.* at 500. "[I]nvoluntary termination statutes are strictly construed in favor of the parent." *In re S.K.A.*, 236 S.W.3d 875, 900 (Tex. App.—Texarkana 2007, pet. denied) (quoting *Holick*, 685 S.W.2d at 20).

Despite the profound constitutional interests at stake in a proceeding to terminate parental rights, "the rights of natural parents are not absolute; protection of the child is paramount." *In re A.V.*, 113 S.W.3d 355, 361 (Tex. 2003) (quoting *In re J.W.T.*, 872 S.W.2d 189, 195 (Tex. 1994));

4

*see In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). "A child's emotional and physical interests must not be sacrificed merely to preserve parental rights." *In re C.A.J.*, 459 S.W.3d 175, 179 (Tex. App.—Texarkana 2015, no pet.) (citing *C.H.*, 89 S.W.3d at 26).

Here, it is undisputed that there was legally and factually sufficient evidence to support the finding that Kim engaged in the statutory grounds for termination included in the trial court's judgment. Kim also agrees the evidence was legally sufficient to support the best-interests finding and only questions the factual sufficiency of the evidence supporting that finding.[3]

### III. Kim's Inadequate Brief Fails to Mount a Proper Challenge on the Best-Interests Finding

Kim's attorney did not file an *Anders* brief[4] in this case; instead, he filed a brief challenging the factual sufficiency of the evidence supporting the best-interest element, but admitted, "This matter borders on being a frivolous appeal." In her brief, Kim acknowledges "her parental shortcomings" and the presence of factors favoring termination of her parental rights, but claims merely that "her allocution reveals a spoken spark of concern for her children."[5] The Department argues that Kim's brief fails to mount a proper factual sufficiency challenge. We agree.

---

[3]In addition to statutory grounds, to terminate parental rights, the trial court must have found, by clear and convincing evidence, that termination was in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001 (Supp.); *In re E.N.C.*, 384 S.W.3d 796, 798 (Tex. 2012).

[4]The law recognizes that cases may arise where there are no meritorious arguments to be raised on appeal. *Anders v. California*, 386 U.S. 739, 743–44 (1967). In such instances, counsel should perform the analysis allowed in *Anders*. Doing so guarantees that parents whose parental rights have been terminated receive due process on appeal while allowing appellate counsel to comply with his ethical duty of candor to the tribunal.

[5]The factors to consider in a best-interests finding are well-known. Courts consider the following *Holley* factors in determining the best interests of the child:
> (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals, (6) the plans

"The Rules of Appellate Procedure require that the appellant's brief 'contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *In re D.V.*, No. 06-16-00065-CV, 2017 WL 1018606, at *7 (Tex. App.—Texarkana Mar. 16, 2017, pet. denied) (mem. op.) (quoting TEX. R. APP. P. 38.1(i)); *see In re J.Y.*, 528 S.W.3d 679, 688 (Tex. App.—Texarkana 2017, no pet.). In her brief, Kim fails to cite any authority in support of her allocution argument or provide any substantive analysis of the evidence showing that it was factually insufficient to support the best-interests findings. Therefore, we find that this point of error is waived as inadequately briefed. *See D.V.*, 2017 WL 1018606, at *7.

## IV. Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     June 24, 2019
Date Decided:       August 1, 2019

---

for the child by these individuals, (7) the stability of the home, (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent.

*D.V.*, 2017 WL 1018606, at *7 (quoting *In re N.L.D.*, 412 S.W.3d 810, 818–19 (Tex. App.—Texarkana 2013, no pet.) (citing *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976); *E.N.C.*, 384 S.W.3d at 807)); *see* TEX. FAM. CODE ANN. § 263.307(b) (Supp.)). "It is not necessary to prove all of these factors as a condition precedent to parental[-rights] termination." *In re L.G.*, No. 06-18-00099-CV, 2019 WL 1548925, at *7 (Tex. App.—Texarkana Apr. 10, 2019, pet. filed) (mem. op.). "In certain cases, evidence relating to one factor may be adequate to support a finding that termination is in the best interest of the child." *Id.* "A parent's inability to provide adequate care for a child, lack of parenting skills, and poor judgment may be considered when looking at the child's best interest." *Id.* (quoting *In re B.H.R.*, 535 S.W.3d 114, 123 (Tex. App.—Texarkana 2017, no pet.)). "Further, evidence used to support the grounds for termination of parental rights may be considered in the best-interest analysis." *Id.* Kim's brief fails to apply these factors to support her argument.

6